DANIEL H. REMINGTON, Appellant, *vs.* JEREMIAH H. FIELD.

In Rhode Island a guardian may carry on a farm belonging to his ward, when he can do so for the ward's benefit, and will be allowed in his accounts as guardian the needful outlay therefor.

In Pub. Stat. R. I. cap. 168, § 33, the word "income" means "produce of a farm" as well as "farm rent."

APPELLANT'S petition for a new trial.

*April* 13, 1889. DURFEE, C. J. This is an appeal from a decree of the Court of Probate of the town of Scituate, allowing a guardian's account. In this court, on trial to the jury, the presiding justice was asked to instruct the jury that certain charges against the estate of the wards for expenditures for stock, labor, and implements, and for ·carrying on a farm belonging to the wards, should be stricken from the account, because the guardian had no right to carry on the farm. The court refused, but did instruct the jury that it was the guardian's duty to manage the estate frugally and without waste ; that, while he had no right to carry on farming or other business as a speculation, yet if to maintain the place properly as a farm, and to provide suitably and economically for the wards from the produce of. it as a home, it was necessary, in the exercise of a prudent judgment, to purchase stock and hire labor, the expenditures therefor should be allowed. The verdict on the items being in favor of the appellees, the appellant asks for a new trial for error alleged in the instruction.

The testimony shows that the wards were four children, the oldest being but a little over fourteen ; that their father was recently dead, their mother living ; that they had, besides a small amount of personal estate, the farm, subject to their mother's right of dower in it ; that in this situation the problem for the guardian was, how best to support and care for the wards ; and that he decided to leave them with their mother at their home on the farm, hiring a man to manage the farm, stocking it, and giving the widow the produce, she to do the work necessary in providing and caring for them ; the place being where they could be suitably educated, besides becoming familiar by their mode of life with the business of farming. This decision of the guardian has

received the approval of the Court of Probate and the jury, and
the appellant does not undertake to show that it operated disad-
vantageously to the wards, but he contends that the expenditures
incurred in consequence should not be allowed, because the guar-
dian, instead of so carrying on the farm, should have leased it, and
supported his wards and educated them out of the rents and the
other estate, so far as possible, selling portions of the estate, if
necessary, to supply any deficiency.  The question, then, is whether
a guardian has a right to carry on himself a farm belonging to his
ward, when he can do so for the benefit of the ward, or, at least,
not disadvantageously to him, or must under all circumstances
lease it out.

Our statute, Pub. Stat. R. I. cap. 168, § 33, prescribing the duty
of a guardian to the property of the ward, simply declares that he
" shall improve his estate frugally and wit'iout waste, and apply
the income and profits thereof, or so mu' a thereof as may be
necessary and proper, to the support and i .intenance of the per-
son to whom they shall belong, and his hor ehold or family, if any
such there be."  The appellant argues, from the use of the word
" income " in this passage, that, if the guardian has a farm in his
charge, he must lease it out, and so derive an " income " from it.
We do not think this argument is sound.  Rent is only one form
of income.  Income is defined by Webster to be " that gain which
proceeds from labor, business, or property of any kind ; *the produce
of a farm,* the rent of houses," etc.  The statute, cap. 168, § 31,
empowers the guardian to lease the real estate of his ward with
the approval of the probate court, but does not direct him to do
so.  Doubtless, as a general rule, it is wiser and better for a guar-
dian, having charge of a farm belonging to his ward, to lease it
than to manage it himself, as it is certainly safer for him to do so ;
but there may be circumstances in which it is proper and advan-
tageous for his wards for him to take the management on him-
self ; and, when these circumstances exist, we know of no rule of
law making it illegal to do so.  We see nothing in the testimony
as reported to lead us to think that the jury erred in finding that
such a course was proper in the circumstances existing in the case
at bar.                                        *Petition dismissed.*

*Charles H. Page & Franklin P. Owen,* for appellant.
*Simon S. Lapham & Edmund S. Hopkins,* for appellee.